# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2010

Lyle W. Cayce
Clerk

No. 09-20745
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE VARGAS ESPINOZA, also known as Jose Vargas Espinosa, also known as Jose Vargas-Espinosa, also known as Jose Vargies, also known as Jose Espinosa, also known as Jose Espinosa Vargas,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-238-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Vargas Espinoza was convicted of one count of illegal reentry into the United States, and the district court sentenced him to serve 76 months in prison and a three-year term of supervised release. In this appeal, he argues that his within-guidelines sentence is substantively unreasonable because the district court failed to properly weigh his mitigating evidence concerning his reasons for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

returning to this country, gave too much weight to his criminal history, and failed to properly account for the fact that many of his prior offenses were due to his drug addiction. We disagree with these arguments, and our review of the record and pertinent jurisprudence shows no abuse of discretion in connection with the sentence imposed. *See United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009).

The appellant's arguments concerning the reasonableness vel non of his sentence amount to a disagreement with the district court's weighing of certain sentencing factors and the appropriateness of the within-guidelines sentence imposed. This disagreement does not suffice to show error in connection with the sentence imposed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). This disagreement likewise does not suffice to rebut the presumption of reasonableness that attaches to the within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). The judgment of the district court is AFFIRMED.